

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>              Plaintiff,<br><br>    vs.<br><br>JAMES D. WILLIAMS, et al.,<br><br>              Defendants. | Case No. ED CV 13-966-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because defendants removed it improperly.

    On May 29, 2013, defendants James and Leslie Williams, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court. Defendant Leslie Williams also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendants do not competently allege facts supplying either

diversity or federal question jurisdiction, or supplying jurisdiction due to denial of civil rights, and therefore removal is improper. 28 U.S.C. §§ 1441(a), 1443; *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). First, although defendants assert federal question jurisdiction, as described in more detail in the Order Denying Defendant's Request to Proceed Without Prepayment of Filing Fee, because the unlawful detainer action to be removed does not actually raise the federal claims to which defendants point, there is no basis to assert federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. And second, defendants' suggestion of removal jurisdiction under 28 U.S.C. § 1443 is baseless, as they have not satisfied either prong of the two-part test required for removal under § 1443(1). *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). In particular, as described in more detail in the Order Denying Defendant's Request to Proceed Without Prepayment of Filing Fee, the Notice of Removal fails to assert, as a defense to the unlawful detainer action, a statutory right for the protection of racial equality, and also fails to point to any state statute or constitutional provision that commands the state courts to ignore such federal right.

     Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, San Bernardino County, San Bernardino Division, 303 W. Third Street, San Bernardino, CA 92415-0210, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 6/4/13

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE